UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JAMES E. BUCHANAN and <br> JAMES E. BUCHANAN ELECTRIC, INC., <br> Plaintiffs, <br><br> vs. <br><br> RPM ADVANTAGE, INC., <br> HAMERSHLAG, DODELES & COMPANY, LLC, and <br> L. MYCHAL JEFFERSON, II, <br> Defendants. | CIVIL ACTION <br> NO. 07-40190-TSH |

### FINDINGS AND ORDER ON PLAINTIFF'S MOTION FOR SANCTIONS PURSUANT TO FRCP 37 (Document No. 95)

March 30, 2010

HILLMAN, M.J.

### Introduction

The Plaintiffs have moved that this court impose sanctions upon the Defendants L. Mychal Jefferson ("Jefferson") and RPM Advantage, Inc. ("RPM"). They cite as reason the failure of the Defendants to search for, and produce, information that is responsive to their discovery requests. For the reasons set forth below, I grant Plaintiffs' Motion For Sanctions Pursuant To FRCP 37 (Docket No. 95).

### Background

On November 3, 2008, Plaintiffs served their Second Request for Production of Documents upon Jefferson. Jefferson responded to the Second Request for Production on

December 12, 2008 by asserting general objections and taking no position as to the existence of responsive documents. Because of the Defendants' failure to produce the requested documents, Plaintiff filed a motion to compel on December 27, 2008 (Docket Entry #79). On January 20, 2009, this Court granted Plaintiffs' motion to compel with respect to their Second Request for Production and other discovery propounded upon Jefferson. On January 22, 2009, Jefferson supplemented his responses to the Second Request for Production. With respect to documents sought, in every request but one Jefferson asserted that "NO RESPONSIVE DOCUMENTS EXISTED".

Plaintiff filed the within motion for sanctions on February 25, 2009. They argued that because of Jefferson's refusal to produce responsive documents that deposition testimony and other facts tend to support exist that they were entitled to relief. On October 5, 2009, this Court held a hearing on the subject motion for sanctions. Defendant Jefferson was represented by new counsel at this proceeding during which a several pending motions were heard. Among the motions that I heard that date were; Plaintiffs' motion for partial summary judgement, Plaintiffs' motion for sanctions and a variety of motions filed by the Defendants seeking to file late responses to the Plaintiffs' motions[1]. Because counsel was new to the case and there were several motions being argued, and in an effort to bring this discovery dispute to a close, I encouraged successor counsel to re-search Jefferson and RPM's records and produce any responsive documents. A follow up hearing was scheduled for October 16, 2009.

---

[1] For most of calendar year 2009, this case was noteworthy for the appearance and disappearance of a number of counsel on behalf of Jefferson and RPM. Until the appearance of present counsel for Jefferson, any compliance by Jefferson with the Rules of this court and the Rules of Civil Procedure appeared to by coincidence rather than intent. Since the appearance of Attorneys Lawrence and Harney things have improved markedly.

Immediately prior to the October 16, 2009 hearing on the subject motion for sanctions, Defendants' counsel provided to Plaintiffs' counsel three (3) inches of documents that were responsive to Plaintiffs' discovery requests. Many of the documents require explanation by witnesses and further discovery. On January 7, 2010, Defendants' counsel produced an additional eight (8) more inches of documents that are responsive to Plaintiffs' discovery requests. According to Buchanan, these documents show that LMJ Holdings, Inc. owned RPM stock and that the stock was sold by LMJ Holdings, Inc. at various times. The documents that were produced in January 2010 were requested in November of 2008.

## Discussion

The Plaintiffs maintain that the documents that were ultimately produced are relevant to their case, were clearly requested, were the subject of an Order of this Court, and would have been important to aid in the deposition of Jefferson that occurred on January 27, 2009 and the deposition of Monica West Jefferson that occurred on February 11, 2009. I agree. Furthermore, I find that the Plaintiffs have clearly been prejudiced by Jefferson's blatant denial of the existence of responsive documents that have now been produced. To cure this prejudice, almost a year after the close of discovery, Plaintiffs would have to conduct discovery of third party brokerage houses and possibly retain an expert to explain how the stock price was manipulated. Plaintiffs argue that they should not be subjected to the costs and delay associated with re-opening this discovery effort to cure the prejudice caused by Defendant Jefferson's blatant denial of the existence of relevant and requested documents.

This Court's rules of procedure provide that if a party "fails to obey an order to provide or permit discovery, including an order [compelling disclosures required by Rule 26(a)] ... the court

3

where the action is pending may issue further just orders". Fed.R.Civ.P. 37(b)(2)(A). Among the sanctions available to the court are: striking claims or defenses of the culpable party; prohibiting the culpable party from introducing designated matters into evidence; dismissing the action; and/or holding the culpable party in contempt of court. *Id.* The court may also order that the culpable party pay reasonable expenses of the opposing parties, including attorney's fees, unless the court finds that such party was substantially justified in failing to comply with his/her obligations "or that circumstances make an award of expenses unjust". *Id.*, at 37(b)(2)(C).

The First Circuit has made the following observations concerning the appropriate sanction(s) to be imposed for a party's failure to comply with his discovery obligations:

> [C]ourts cannot effectively administer justice unless they are accorded the right to establish orderly processes and manage their own affairs. The authority to order sanctions in appropriate cases is a necessary component of that capability. The sanction of dismissal is an important part of the armamentarium that the law makes available to trial courts. Moreover, in the federal system the Civil Rules reinforce and augment the inherent power of district courts to dismiss cases for disregard of judicial orders.
>
> To be sure, dismissal ordinarily should be employed as a sanction only when a plaintiff's conduct is extreme ... however, ... disobedience of court orders is inimical to the orderly administration of justice and, in and of itself, can constitute extreme misconduct. Still, dismissal should not be viewed either as a sanction of first resort or as an automatic penalty for every failure to abide by a court order. When noncompliance occurs, the ordering court should consider the totality of the events and then choose from the broad universe of available sanctions in an effort to fit the punishment to the severity and the circumstances of the violation.

*Young v. Gordon,* 330 F.3d 76, 81 (1st Cir. 2003)(internal citations omitted).

While I do not fault present counsel who are to be lauded for their efforts in securing these documents, Jefferson's conduct is a different matter. His failure to timely produce the

requested documents after being served with Plaintiffs Requests and my Order demonstrates a cavalier disregard of the Rules of Court and my Order.

Plaintiffs will be given a limited opportunity to re-open discovery to depose third party brokerage houses, and re-depose Monica West Jefferson and Jefferson. The Defendant, Jefferson, shall pay the reasonable costs of his deposition and the deposition of Monica West Jefferson and the costs of prosecuting this motion.

### Order

Plaintiffs' Motion For Sanctions Pursuant To FRCP 37 (Docket No. 95) is <u>allowed</u>. The Discovery Deadline for fact discovery is extended to May 21, 2010 for the Plaintiff only. The Plaintiffs may conduct discovery of any person or entity identified as having discoverable information from the recently received documents. If the Plaintiffs choose to re-depose Jefferson or Monica West Jefferson, the reasonable costs of those depositions shall be born by the Defendant Jefferson. Jefferson is to pay the reasonable attorneys fees incurred by the Plaintiffs in prosecuting this motion. The Plaintiffs shall file a detailed Affidavit in support of any application for attorneys fees.

/s/Timothy S. Hillman
TIMOTHY S. HILLMAN
U.S. MAGISTRATE JUDGE